CAUSE NO. C-1201-19-I _____

| | | |
|---|---|---|
| AARON GARZA<br>*Plaintiff* | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| vs. | §<br>§ | HIDALGO COUNTY, TEXAS |
| ALLSTATE FIRE AND CASUALTY<br>INSURANCE COMPANY,<br>*Defendant* | §<br>§<br>§ | \_\_\_\_\_ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION
AND WRITTEN DISCOVERY TO DEFENDANT**

PLAINTIFF **AARON GARZA** ("Plaintiff"), files this this pleading, complaining of **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY** and for cause of action would respectfully show unto the Court the following:

**I. DISCOVERY CONTROL PLAN**

1. Plaintiff intends that discovery be conducted under Discovery Level 1, for Expedited Actions, in accordance with Texas Rule of Civil Procedure 169 and 190.2 because Plaintiff seeks monetary relief of less than $100,000.00.

2. Plaintiff fully understands and expects that a Hidalgo County jury will have the final say on what monetary relief, if any, that Plaintiff is justly entitled to, based on the Allstate Fire and Casualty Insurance Company's conduct. But, the Texas Rules of Civil Procedure ("T.R.C.P.") require a Plaintiff to state an amount of monetary relief that a Plaintiff seeks. Therefore, in accordance with the requirements of T.R.C.P. 47, Plaintiff seeks monetary relief, excluding interest and costs, of less than $75,000.00.

**II. PARTIES**

3. Plaintiff is an individual residing in Hidalgo County, Texas.

**C-1201-19-I**

4a.     Defendant Allstate Fire and Casualty Insurance Company ("Defendant"), is an insurance company duly licensed to do business in the State of Texas. Defendant may be served by serving its registered agent, CT Corporation System, 1999 Bryan Street, Ste. 900, Dallas, TX 75201-3136.

4b.     To the extent that the above-named company Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against that company pursuant to the terms of Tex. R. Civ. P. 28, and Plaintiff hereby demands that upon answering this suit, such company or companies answer in their correct legal name and assumed name.

### III. VENUE AND JURISDICTION

5.     Pursuant to Tex. Ins. Code §1952.110 and Civil Practice & Remedies Code Section 15.032, venue is proper in this Hidalgo County because the Defendant conducts business in this county, the Plaintiff resides in this county and resided in this county at the time of the accident involving the underinsured motor vehicle, and this is the county in which the loss occurred.  Furthermore, this Court has jurisdiction in that Plaintiff's damages are within the jurisdictional limits of this Court.

### IV. FACTS

6.     This action is derived from, but not caused by, Plaintiff's filed claim for UIM benefits under a UIM insurance policy Plaintiff entered into with Defendant that was summarily rejected without an adequate and/or a reasonable evaluation as required by the Texas Insurance Code.  Plaintiff was injured in a motor vehicle collision on or about December 23, 2017.  He incurred "*Escobedo*" medical expenses are approximately $26,180.00.  In addition to the medical expenses, Plaintiff sustained significant physical and mental injuries that he continues to suffer from to the day of this filing.

7.     The third-party tortfeasor had liability insurance of only $30,000.00, which was offered in settlement of Plaintiff's claims against the third-party tortfeasor.  Plaintiff accepted the offer with the permission of Allstate Fire and Casualty Insurance Company, which was given via correspondence dated May 22, 2018.

Case 7:19-cv-00129   Document 1-4   Filed on 04/18/19 in TXSD   Page 3 of 17

Electronically Filed
3/12/2019 2:46 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-1201-19-I**

8. Because the liability limits of the third-party tortfeasor were not sufficient to compensate Plaintiff for his injuries, Plaintiff sought Underinsured Motorist Benefits from his insurance carrier, Allstate Fire and Casualty Insurance Company.

9. On June 05, 2018, Plaintiff sent a package of all documents necessary to evaluate Plaintiff's claims to Defendant. On June 29, 2018, Corey Tate, an adjuster employed by and on behalf of Defendant Allstate Fire and Casualty Insurance Company, sent a letter stating that Plaintiff's claim did "…not pierce the threshold for an Underinsured Motorist claim." In other words, Corey Tate, on behalf of Allstate Fire and Casualty Insurance Company offered absolutely nothing to Plaintiff from his UIM policy coverage. In that letter, Corey Tate failed to explain the facts or basis for the decision made after his/her "evaluation."

## V. CLAIMS AGAINST DEFENDANT

10. Plaintiff is not seeking any of the proceeds of the UIM insurance policy entered into with Defendant. To be clear, the facts giving rise to Plaintiff's statutory claims in this case are not derived from the December 23, 2017 collision itself, but rather the adjuster's actions and violations of Tex. Ins. Code §541.061 et seq., including these specific violations:

11. **VIOLATION OF §541.060 (a)(2):** Corey Tate is required by the Texas Insurance Code §541.060 (a)(2) "to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear." The liability of Defendant Allstate Fire and Casualty Insurance Company under the UM/UIM policy is reasonably clear given the liability facts in this case. What is also clear is that the final decision made by Corey Tate on behalf of Defendant Allstate Fire and Casualty Insurance Company was not a good faith attempt to effectuate a prompt, fair and equitable settlement of Plaintiff's claims given the amount of Plaintiff's "specials."

12. **VIOLATION OF §541.060 (a)(3):** Furthermore, the letter authored by Corey Tate

Case 7:19-cv-00129   Document 1-4   Filed on 04/18/19 in TXSD   Page 4 of 17

Electronically Filed
3/12/2019 2:46 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-1201-19-I**

violated §541.060 (a)(3) because s/he did not provide "a reasonable explanation of the basis in the policy, in relation to the facts or applicable law" for the decision s/he made. In fact, Corey Tate's letter containing the response to Plaintiff's 541 settlement demand contained an extremely vague explanation that his claim did "…not pierce the threshold for an Underinsured Motorist claim." This is a violation of Tex. Ins. Code §541.060 (a)(3).

13. **VIOLATION OF §541.060 (a)(7):** Furthermore, the letter authored by Corey Tate violated §541.060 (a)(7) because s/he refused "…to pay on a claim without conducting a reasonable investigation with respect to the claim." Nothing in Corey Tate's rejection letter containing the response to Plaintiff's 541 settlement demand mentioned what, if anything, was done to investigate Plaintiff's claim. This is a violation of Tex. Ins. Code §541.060 (a)(7).

14. The foregoing violations were committed knowingly by and on behalf of Defendant Allstate Fire and Casualty Insurance Company. The foregoing violations were a producing cause of Plaintiff's new and independent damages.

15. **RESPONDEAT SUPERIOR** -- At the time of the incident, Corey Tate was in the scope and course of his/her employment with and furthering the business of Defendant Allstate Fire and Casualty Insurance Company. Therefore, based on the doctrine of Respondeat Superior, Defendant Allstate Fire and Casualty Insurance Company is liable for the insurance code violations of its employee, Corey Tate.

## VI.  DAMAGES

16. Plaintiff seeks damages, expressly not to exceed the claim for damages made in paragraph "2" of this petition, for the following under Tex. Ins. **§541.151 and §541.152**:

    A.    **Actual Damages which would include**:
        1.    Medical Expenses:  Past and Future
        2.    Pain, Suffering & Mental Anguish:  Past and Future
    B.    **Court Costs and Attorney's Fees.**

**C-1201-19-I**

C. **Treble Damages.**

VII. **WRITTEN DISCOVERY TO DEFENDANT:**

**Definitions and Instructions to Defendant**

1. No later than fifty (50) days after service of these written discovery requests, you must serve a written response to the undersigned attorney at **Hector L. Rodriguez Law Firm, P.L.L.C.**, 511 West University Drive, Edinburg, TX 78539, including the items requested or stating with respect to each request that an inspection and copying or reproduction will be permitted as requested.

2. You are hereby notified that your duty to respond includes the duty to provide answers concerning records, documents and things in your physical possession regardless of the source from which they were obtained, as well as those not in your physical possession, but which can be obtained from sources under your control. It is your duty, in answering this discovery, to furnish all information which is available to you, including information in your possession, in the possession of your attorney(s), investigator(s), employee(s), servant(s), agent(s) and/or representative(s).

3. In the event a request is objected to, please specifically state (a) the legal or factual basis for the objection, and (b) the extent to which you refuse to comply with the request. Pursuant to Rule 193.2(b) of the Texas Rules of Civil Procedure, a party must comply with as much of the request to which the party has made no objection unless it is unreasonable under the circumstances to do so before obtaining a ruling on the objection.

4. In the event any information requested by these requests for production is not produced for any reason, the reason or reasons for withholding such information shall be specifically stated. This specification of such reason or reasons shall be sufficiently detailed to fairly permit counsel for Plaintiff(s) to ascertain the legal validity of the reason or reasons asserted for withholding the information from discovery.

5. For each document or other requested information that you assert is privileged or not discoverable, please identify the document or other requested information with sufficient specificity, without waiving your asserted privilege, so that an assessment can be made as to whether it is needed in discovery efforts. State the specific grounds for the claim of privilege or other ground for exclusion. Also, for each document you claim is not discoverable, state the date of the document, the name, job title, and address of the person who prepared it; the name, address, and job title of the person to whom it was addressed, circulated, or who saw it; the name, job title, and address of the person now in possession of the document; a description of the subject matter of the document; and the present location and custodian of the document. For any such document(s), Plaintiff(s) request(s) a privilege log.

6. With regards to documents containing CONFIDENTIAL, PROPRIETARY OR TRADE SECRETS, you are instructed that it is not a proper ground for objection to discovery that documents or things are claimed to be "confidential" "proprietary" or a "trade secret." Plaintiff's/Plaintiffs' counsel is willing to make agreements with you and your attorney(s) not to disclose such documents to competitors, the media, or the public generally and is willing to enter into an agreement immediately so as not to delay production for such documents.

7. For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons, if however, for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost

Case 7:19-cv-00129   Document 1-4   Filed on 04/18/19 in TXSD   Page 6 of 17

Electronically Filed
3/12/2019 2:46 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-1201-19-I

document's existence or any facts about the lost document.

     **8.**    With respect to each requested document that has been destroyed, or is otherwise no longer within your possession, custody or control: (a) identify the document; (b) describe in detail the circumstance under which it was destroyed, lost or otherwise came to be beyond your possession, custody or control; (c) when it passed out of existence, or when it could no longer be located, and the reasons, if known, for the disappearance; and (d) identify each person having knowledge about the disposition or loss of the document and identify any other document evidencing the lost document's existence or any facts about the lost document. With respect to each document that was destroyed, please provide the procedures and authority under which it was destroyed and the identity of the person authorizing such destruction.

     **9.**    Please answer each request separately. If documents are numbered for production, in each response please provide both the information that identifies the documents and the document numbers. Also, in accordance with TRCP 193.1, you must identify the written discovery request(s) your response and/or production is being made in response to.

     **10.**    If you cannot answer any one or more of the following requests for production in full, after exercising due diligence to secure the information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder.

     **11.**    If your response to any of these requests for production is that the answer may be derived from business records produced or made available for inspection by you, specify the responsive documents in sufficient detail to permit Plaintiff(s) to locate and identify them as readily as you can.

     **12.**    If any request for production or subpart thereof, is incapable of being answered because of a lack of records, incompleteness of records, or any other reason, identify for purposes of deposition, the name of those individuals possessing knowledge relevant to that particular request for production or subpart thereof.

     **13.**    You are under a duty to supplement these responses with respect to any question addressed to the identity and location of persons having knowledge of discoverable matters and expert witnesses to be called at trial. You are also under a duty to amend your responses to these requests for production if you discover that your responses were incorrect when made or are no longer true.

     **14.**    Plaintiff's/Plaintiffs' Requests for Production are deemed continuing until trial. If any information sought by said requests is learned or obtained after this discovery has been answered or, if answers for any reason should later become incorrect or incomplete, there is a continuing duty to the time of trial on the parties answering this discovery to formerly supplement answers previously submitted pursuant to the Texas Rules of Civil Procedure. If in response to any of Plaintiff's/Plaintiffs' document requests in this Request for the Production you fail to disclose any fact and then you subsequently disclose such fact at a later date by supplemental response, please provide full information about how the existence of this additional fact was "discovered" by you, by whom such additional fact was "discovered," when such additional fact was "discovered," who made the decision to disclose such additional fact to Plaintiff(s), when that decision was made, and in detail, why such additional fact was not disclosed to Plaintiff(s) in your initial responses to this Request for the Production of Documents.

     **15.**    Pursuant to Rule 193.2(f), you are hereby placed on notice that you should not object to a request for written discovery on the grounds that it calls for production of material or information that is privileged but should instead comply with Rule 193.3. You are also hereby placed on notice that filing objections to written discovery on the grounds that it calls for the production of material or information that is privileged is contrary to Rule 193.2(f) and is, therefore, an error to file such objections.

Case 7:19-cv-00129 Document 1-4 Filed on 04/18/19 in TXSD Page 7 of 17

Electronically Filed
3/12/2019 2:46 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-1201-19-I**

16. Pursuant to Rule 193.3, with respect to any written interrogatory or request for production to which you erroneously object on the ground of privilege or exemption from discovery, you must adhere to Rule 193.3(a) and state in your response, the following:
   a) That information or material responsive to the request has been withheld;
   b) Identify the request to which the information or material relates; and
   c) The specific facts that you claim support the asserted legal privilege.

17. If you choose to file objections to written discovery contrary to Rule 193.2(f), pursuant to Rule 193.3(b), with respect to any and all responses to which you indicate that material or information has been withheld from production as described above, you are hereby requested to identify the information and material withheld within 15 days from the date of service of said response upon the party seeking discovery, and to serve a response that:
   a) Describes the information or materials withheld that enables the requesting party to assess the applicability of the privilege; and
   b) Asserts a specific privilege for each item or group of items withheld.

18. Please note that under Rule 192.5(c), even if made or prepared in anticipation of litigation or for trial, the following is not work product protected from discovery:

   a) Information discoverable under Rule 192.3 concerning experts, trial witnesses, witness statements, and contentions;
   b) Trial exhibits ordered disclosed under Rule 166 or Rule 190.4;
   c) The name, address, and telephone number of any potential party or any person with knowledge of relevant facts;
   d) Any photograph or electronic image of underlying facts *(e.g.,* a photograph of the accident scene) or a photograph or electronic image of any sort that a party intends to offer into evidence; and
   e) Any work product created under circumstances within an exception to the attorney-client privilege in Rule 503(d) of the Rules of Evidence.

19. In accordance with TRCP 193.7, you are hereby being placed on express and actual notice and for the specific purpose of making you aware that Plaintiff(s) intend(s) to use ALL documents you produce against you in pretrial proceedings and at trial.

20. Regarding written discovery directed and served to Defendant, "you," "your," "yours," "Defendant," "this Defendant," "State Farm" and/or "Defendant Allstate," refers to **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY** and any other person or entities (excluding attorneys) purporting to act on behalf of **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY.**

21. The scope of discovery extends to all relevant and non-privileged information that might reasonably lead to the discovery of admissible evidence. Each individual written discovery request must be answered fully, in writing, and under oath when required. You have a responsibility to submit full and complete responses and to furnish reliable information, documents and other tangible things in your possession, custody or control or in the possession, custody or control of (1) past or present officers, agents, servants and employees, (2) its departments or divisions, (3) parent or subsidiary corporations, (4) sister corporations, (5) corporate affiliates, (6) foreign branches, (6) predecessor and successor corporations, (7) joint venture partners and (8) other persons, firms or corporation which, because of their business relationship, would (or should) readily respond to your efforts to obtain the information and/or documents requested. You may refer to your "business records" only if the Plaintiff(s) may obtain from those documents the same information you would provide if you were to respond to the request and only if the burden placed upon the Plaintiff(s) by

Case 7:19-cv-00129   Document 1-4   Filed on 04/18/19 in TXSD   Page 8 of 17

Electronically Filed
3/12/2019 2:46 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-1201-19-I**

reference to the document is the same as the burden, which would otherwise be placed upon you. If any requested document is claimed to be privileged or otherwise protected from discovery, you shall identify in writing, with particularity, the basis for such claim and, in the case of any document withheld, to identify in writing: (a) its title or designation, (b) its author, (c) its date, (d) the names, positions and capacities of all persons to whom it was addressed and copies, or by whom it has been seen, (e) its general nature and subject matter, (f) its present location and custodian, and (g) the basis upon which it is claimed to be privileged or otherwise protected from discovery. If any document produced has been redacted in any manner whatsoever, you shall so indicate on the document and be prepared to furnish the un-redacted documents to the Court for in camera review along with supportive affidavits justifying the reaction.

    **22.** When available, for any document, provide the English translation of the complete document. For each document produced, indicate in your written response the Bates number or other identification of the documents responsive to each document request.

    **23.** As used herein, "document" means the original and each non-identical copy, whether non-identical because of alteration, attachments, blanks, comments, notes, underlying or otherwise, or any written record, graphic material, or other tangible evidence or thing, however described or titled, whether letter, memorandum, report, police or accident report, affidavit, personal and/or handwritten notes, tape recording, video, film, photo, photocopy, telegram, telex, transcript, electronically stored data or otherwise in your custody, possession or control, or to which you have access. As used herein, the term "document" is also intended to include electronically generated and stored data files, computer files, e-mails, archived voice mail, data storage devices such as floppy discs, hard discs, tape, backup tapes, optical discs, zip drives, USB drives, jump drives, thumb drives and flash drives - including but not limited to computer readable media, machine sensible, electronic or any other similar forms of information. The term "document" is further intended to include any computer records reflecting earlier drafts, revisions, addenda, amendments and the like with regard to any responsive document. If documents are produced in an electronic format, please include an electronic searchable objective index for all fields.

    **24.** "Communication" means the transmission, sending and/or receipt of information of any kind by or through any means including, but not limited to, speech, writings, language (machine, foreign or otherwise), computer electronics of any kind (*e.g.,* e-mail), magnetic tape, videotape, photographs, graphs, symbols, signs, magnetic or optical disks, "floppy disks," CD-ROM discs, sound, radio or video signals, telecommunication, telephone, teletype, facsimile, telegram, microfilm, microfiche, photographic film of all type and other media of any kind. The term "communication" also includes, without limitation, all "records" (as hereafter defined) and all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, notices, requests, responses, demand, complaints, and press, publicity or trade releases.

    **25.** "Records" mean all documents and writings of any kind, and all communications (as defined above) which are stored or retrievable or recorded in any manner, including originals and all non-identical copies whether different from the originals by notation made on such copies or otherwise, all drafts, alterations, modifications, changes, and amendments, graphic or any electronic or mechanical records or representations of any kind. Any electronic records or computer data which may exist shall be produced in ASCII comma delimited or fixed length field format and shall include all file, record, instructions, codes or other information necessary to retrieve the data. Electronic data should be produced in the latest format possible, whether in any Microsoft or Apple format, Dbase (DBF) format, Excel (xls) format or ASCII comma delimited or fixed length format (txt) and shall include all file, record and field format definitions and the instructions, codes or information necessary to retrieve the data. Such electronic data should be provided on one of the following media: Zip disk, Jaz disk, CD Rom, DVD format, thumb drive, zip drive, USB drive, jump

Case 7:19-cv-00129 Document 1-4 Filed on 04/18/19 in TXSD Page 9 of 17

Electronically Filed
3/12/2019 2:46 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-1201-19-I**

drive or flash drive.

**26.** "Related to" or "relating to" means in whole or in part constituting, containing, concerning, embodying, reflecting, describing, analyzing, identifying, stating, referring to, or dealing with, or in any way pertaining to.

**27.** "Pertain to", "pertains to", or "pertaining to" means relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, reflects, refutes, disputes, rebuts, controverts, or contradicts.

**28.** "Or" and "and" have conjunctive and disjunctive meanings.

**29.** "Defective" means possessing characteristics or qualities of any kind which negatively affect performance, durability, or life expectancy of any component of the vehicle Defendant(s) was/were driving/riding in at the time of the subject incident.

**30.** If any record, document, material or other item does not exist, refer to the request for production by the applicable paragraph/number and state that it does not exist. If you have reason to believe that these records once existed, state the circumstances under which they were lost or destroyed and the requested Item to which they are responsive.

**31.** If production of documents or other items required by this request would be unduly burdensome, or if the response to an individual request for production may be aided by clarification of the request, contact Plaintiff's/Plaintiffs' counsel within five (5) days of the receipt thereof and specify the problem or clarification needed. If you seek to interpose boilerplate "burden" objections in lieu of legitimate, substantive responses to these requests, the law requires that you file a motion for protective order prior to the running of the time for response to these requests, and in that motion explain the bases for the objections in a manner that satisfies the burden of proof which rests on you to justify any such objections. Moreover, the filing of any such motion for protective order does not excuse a failure to respond in a timely manner to these requests. This note is provided specifically to put you on notice that if baseless objections are made to these requests and a motion for protective order is not timely filed and supported, its actions will be considered as evidence of a willful violation of the Texas Rules of Civil Procedure.

**32.** All documents submitted in response to each numbered item of this request shall be accompanied with a document stating the name and title of the person or persons preparing the statement and a statement by the preparer that the information is accurate and true and is complete or is being withheld or has been otherwise destroyed.

**33.** In the event any record, document, material or other item is withheld (or any portion thereof), please provide the following information for each such withheld item:

    **a)** The date of the item;
    **b)** The name and title or position of the author and/or sender of the item;
    **c)** The name and title or position of each and every person to whom the document was sent;
    **d)** The general character or type of item (i.e., letter, memorandum, notes, *etc.*);
    **e)** A brief description of the subject matter and length of the document and each attachment, appendix and exhibit thereto;
    **f)** The name and title or position of each person having knowledge of any facts or factual basis on which the item was prepared; and
    **g)** The basis for withholding the item including, but not limited to, any legal objection, privilege or claim (including reference to the statute, rule or decision which is claimed to give rise to the withholding) and a description of the general topic of the information withheld.

Electronically Filed
3/12/2019 2:46 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

**C-1201-19-I**

34. The Request shall be deemed continuing so as to require further and supplemental production if you obtain additional documents required to be produced herein between the time of the initial production and the time of trial.

35. "Identify" or "identity," when used in reference to a natural person, shall require you to state (a) his/her full name, (b) his/her present or last known address, and (c) his/her present or last known employer and job title. When used in reference to a corporation or business entity, "identify" or "identity" shall require you to state (a) the full legal name of the corporation or business entity, (b) the present or last known address, and (c) the principal place of business and state of incorporation. When used in reference to a document, "identify" or "identity" shall require you to state (a) the date of such document, (b) the type of document, (c) the present location of such document or copies of such document, and (d) a brief summary of the contents of such document.

36. "Person" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

37. Regarding written discovery directed and served on Defendant, "Incident," "accident," "occurrence," "collision," "subject incident," "subject accident," "subject occurrence," "subject collision," "incident in question," "accident in question," "occurrence in question," or "collision in question" means the collision and/or incident occurring on or about December 23, 2017 in Hidalgo County, Texas and/or as described by the Plaintiff's live pleading that resulted in the injuries sustained by Plaintiff.

38. "Vehicle," "subject vehicle," "automobile," or "subject automobile," in discovery directed and served on Defendant refers to the vehicle the third-party tortfeasor was driving in at the time of the subject collision.

39. "UM, UIM" or "UM/UIM" refers to Plaintiff's claims whether an Uninsured Motorist or an Under-Insurer Motorist Claim.

**NOTICE:** You are notified herein that, pursuant to TRCP 193.7, Plaintiff will use any document produced by Defendant as evidence in this cause and will consider such document as self-authenticated for evidence purposes for use at any proceeding in this cause against the party producing it.

## Written Interrogatories:

1. With regard to each person answering or providing information to answer these Interrogatories, please state the following:
   a. the name and residence address of each person;
   b. the employer's name and business address of each person;
   c. the title of each person; and
   d. the numbers of each Interrogatory that each person has answered or has provided any information to answer.

**ANSWER:**

2. Identify the person(s) who adjusted Plaintiff's claims as described in Plaintiff's Original Petition, and please state in which division or section of Defendant's company the above-mentioned person works.

**ANSWER:**

Case 7:19-cv-00129   Document 1-4   Filed on 04/18/19 in TXSD   Page 11 of 17

Electronically Filed
3/12/2019 2:46 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-1201-19-I

3. Identify every person who reviewed Plaintiff's claim for UM/UIM benefits and who had any participation whatsoever in evaluating Plaintiff's UM/UIM claim.

**ANSWER**:

4. On what date did the Defendant first receive notice that Plaintiff was seeking UM/UIM benefits?

**ANSWER**:

5. On what date(s) did Defendant receive documentation from Plaintiff substantiating medical bills and damages related to the automobile collision of December 23, 2017?

**ANSWER**:

6. If the Defendant or any of Defendant's employees, representatives or agents performed any investigation concerning the incident or Plaintiff's damages, then for each investigative act please provide:
   a. The date the investigative act took place;
   b. The name of the person who performed the investigative act;
   c. The type of investigation done, i.e., the review of documents, review of scene, interview, etc.;
   d. Identify the documents (or photographs reviewed), or the person interviewed; and
   e. The date that any report was generated regarding the investigative act.

[NOTE: Plaintiff is not seeking disclosure of the information gained by such investigation by this Interrogatory. Rather, if a dispute arises regarding the disclosure of information or production of documents, this information will be used by the court to determine what investigation materials and information is protected and not protected from discovery under applicable privileges.]

**ANSWER**:

7. Did Defendant have Plaintiff's medical records or charges reviewed by any expert or medical review service prior to making a settlement offer on Plaintiff's UM/UIM claims? If so, please identify that service or medical provider, and state the date of such review.

**ANSWER**:

8. In accordance with Texas Rules of Evidence 609(f), please identify all evidence of criminal convictions of any party, individual with knowledge of relevant facts, retained expert, and/or non-retained expert that you intend or plan to use at the time of trial for impeachment purposes.

**ANSWER**:

C-1201-19-I

## VERIFICATION

THE STATE OF _____ )(
)(
COUNTY OF _____ )(

BEFORE ME, the undersigned authority, on this day personally appeared _____, Representative of **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY**, known to me to be the person whose name is subscribed to the foregoing instrument, and after being by me first duly sworn upon his/her oath deposes and says that he/she is personally acquainted with the facts herein stated, is authorized to make these Answers to Plaintiff's First Set of Interrogatories to Defendant **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY** and that said Answers are true and correct.

_____
Representative of **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY**

_____
Representative's Printed Name

SUBSCRIBED AND SWORN TO BEFORE ME, on this the _____ day of _____ _____, 2019, to certify which witness my hand and seal of office.

_____
Notary Public for the State of _____

My Commission Expires on:_____

C-1201-19-I

## Requests for Production

Please produce the following documents and things:

1. **Insurance Policy:** Copies of any and all insurance policy contracts providing coverage to Plaintiff through Defendant, including all endorsements that were in effect on the date of the Incident.

**RESPONSE:**

2. **Claim File:** The complete claim file (documents and electronic data) made or kept by Defendant in the ordinary course of business of handling Plaintiff's claims growing out of the subject incident. This would include (but is not limited to) all interoffice memos sent pertaining to Plaintiff's claim, all medical evaluations, all settlement value evaluations, all communications to and from Plaintiff and Plaintiff's counsel, all witness statements, all summaries of witness statements, all property damage evaluations and settlements, all documents pertaining to investigation of any prior or subsequent injuries, claims or medical conditions that Plaintiff might have had.

**RESPONSE:**

3. **Incident/Investigative Materials:** Any and all incident reports, investigation reports, witness statements, statements of Plaintiff, and any other documentation concerning the investigation of the Plaintiff's UM or UIM claim, which reports/documents were created in the regular course of business by Defendant or for Defendant by any investigator or medical person and not made in anticipation of litigation.

**RESPONSE:**

4. **Prior Claims Information:** All documents obtained by Defendant regarding other insurance claims made by Plaintiff including documents from the Southwest Index Bureau ("SWIB") or any other organizations which compiles information on claims and/or lawsuits.

**RESPONSE:**

5. **Claim Evaluation Calculations**: All medical reviews, settlement workups, calculations and reports (documents or electronic data) pertaining to the amount that was offered in settlement of Plaintiff's UM/UIM claim that were made by Defendant in the normal course of business.

**RESPONSE:**

6. **Claims Handling/Evaluation Guidelines and Manuals:** All manuals, training materials, or digital data that contain or reflecting Defendant's guidelines and policies that were to be utilized in evaluating and handling Plaintiff's UM/UIM by the adjusters that handled Plaintiff's UM claims.

**RESPONSE:**

Case 7:19-cv-00129   Document 1-4   Filed on 04/18/19 in TXSD   Page 14 of 17

Electronically Filed
3/12/2019 2:46 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-1201-19-I

7. **Claims Handling Manual:** A copy of Defendant's claim manual or documents or data that states or contains Defendants guidelines, policies and procedures that were to be utilized in evaluating and handling Plaintiff's UM/UIM by the adjusters that handled Plaintiff's UM claims.

**RESPONSE:**

8. **Medical Evaluations:** All documents reflecting any review and evaluation done of Plaintiff's medical treatment, records or bills. This would include any evaluation done by the adjuster(s), or by a computer program (such as Colossus, Mitchell Medical) or by a third-party.

**RESPONSE:**

9. **Lien Documents:** Produce all documents regarding any asserted subrogation liens pertaining to Plaintiff's claim, including but not limited to liens pertaining to:
   a. Health insurance;
   b. Medicare/Medicaid;
   c. Workers Compensation; and
   d. Property damage.

**RESPONSE:**

10. **Defendant's Expert's Documents:** For any experts Defendant may call to testify at trial, or for consulting experts (i.e., experts whose opinions and impressions have been reviewed by a testifying expert)**,** please produce the following:
    a. All documents reflecting any charges made or expenses incurred by or fees paid to each testifying or consulting expert; and
    b. Copies of any checks sent to each testifying and consulting expert.

**RESPONSE:**

11. **Defendant's Controverting Experts Documents:** For any Medical Providers Defendant has retained to controvert any treatment received by Plaintiff please produce the following:
    a. Any documents or materials Defendant or Defendant's attorneys have provided to the Medical Provider;
    b. A copy of all documents or correspondence provided by each Medical Provider to Defendant or Defendant's attorneys;
    c. A copy of each Medical Providers CV or resume;
    d. All documents reflecting any charges made or expenses incurred by or fees paid to each Medical Provider; and
    e. Copies of any checks sent to Medical Providers.

**RESPONSE:**

12. **Documents Obtained by Authorization:** All documents obtained by Defendant pursuant to any authorization signed by Plaintiff.

**C-1201-19-I**

**RESPONSE**

### Requests for Admissions:

**NOTICE:** You are formally notified herein that, pursuant to TRCP 215.4(b), if you fail to admit the truth of any matter requested under TRCP 198, Plaintiff reserves the right to apply to the Court for an order requiring you to pay Plaintiff the reasonable expenses incurred in proving the truth of the matters requested under TRCP 198, including reasonable attorney fees.

1. Do you admit that Plaintiff was involved in an automobile collision on December 23, 2017?

**RESPONSE:**

2. Do you admit that at the time of the Incident, Plaintiff's vehicle was covered under an automobile policy issued by Defendant **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY** containing UM/UIM benefits?

**RESPONSE:**

3. Do you admit that there was no act of negligence on the part of the Plaintiff in connection with the Incident?

**RESPONSE:**

4. Do you admit that Defendant **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY has no evidence** that Plaintiff was negligent in connection with the Incident?

**RESPONSE:**

5. Do you admit that Plaintiff was injured in the Incident?

**RESPONSE:**

6. Do you admit that Defendant **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY** has not had submitted Plaintiff's medical treatment or charges incurred as a result of the Incident for review by an expert or a medical review service?

**RESPONSE:**

7. Do you admit that Defendant **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY** does not have in its possession, custody or control any expert report or competent evidence that Plaintiff's medical charges were not reasonable or necessary as a

Case 7:19-cv-00129   Document 1-4   Filed on 04/18/19 in TXSD   Page 16 of 17

Electronically Filed
3/12/2019 2:46 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-1201-19-I

result of the Incident?

**RESPONSE:**

8. Do you admit that Defendant **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY** does not have any reports or documents regarding any prior injuries or treatments which Defendant **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY** contends are related to the injuries sustained by Plaintiff in the Incident?

**RESPONSE:**

9. Do you admit that the liability of the under-insured motorist was reasonably clear (as that term is used in the Texas Insurance Code §541.060(2)?

**RESPONSE:**

10. Do you admit that at the time of the Incident, Plaintiff's vehicle was covered under an automobile policy issued by Defendant **ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY** containing underinsured motorist benefits?

**RESPONSE:**

### Requests for Disclosure to Defendant

Under Texas Rules of Civil Procedure 194, Plaintiff requests that Defendant disclose, no later than 50 days of the service of this request, the information or material in TRCP 194.2(a)-(l), and, in accordance with TRCP 190.2(b)(6), the disclosure of all documents, electronic information, and tangible items that you have in your possession, custody, or control and may use to support your claims or defenses.

### VIII. RELIEF SOUGHT

17. Plaintiff requests that Defendant Allstate Fire and Casualty Insurance Company be cited to appear and answer, and that this case be tried after which Plaintiff recovers:

    (1) Judgment against Defendant for Plaintiff's new and independent damages in an amount within the jurisdictional limits of the court;
    (2) Pre-judgment interest at the maximum amount allowed by law;
    (3) Post-judgment interest at the maximum rate allowed by law;
    (4) Attorney's fees;
    (5) Costs of suit; and

Case 7:19-cv-00129   Document 1-4   Filed on 04/18/19 in TXSD   Page 17 of 17

Electronically Filed
3/12/2019 2:46 PM
Hidalgo County District Clerks
Reviewed By: Armando Cantu

C-1201-19-I

(6)  Such other and further relief to which Plaintiff may be justly entitled.

## PRAYER FOR RELIEF

Plaintiff requests that Defendant be cited to appear and answer, and that this case be tried after which Plaintiff recovers judgment against Defendant for a sum within the jurisdictional limits of this Court for all actual damages, both past and future, as indicated above; three times the amount of actual damages; pre-judgment and post-judgment interest at the maximum amount allowed by law; and such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**HECTOR L. RODRIGUEZ LAW FIRM, PLLC**
511 West University Drive
Edinburg, TX 78539
Phone: 956-380-1421
Fax: 956-380-2920
Email: Hectorlawfirm@gmail.com

_____
**Hector L. Rodriguez**
State Bar No. 00791555

Co-counsel:

**Raul "Rudy" Rodriguez**
State Bar No. 17148380
Raul Rodriguez, P.C.
511 West University Drive
Edinburg, TX 78539
Phone: 956-380-1421
Fax: 956-380-2920
Email: anointed511@gmail.com

**ATTORNEYS FOR PLAINTIFF**

# PLAINTIFF HEREBY DEMANDS TRIAL BY JURY